# Court of Appeals
# of the State of Georgia

ATLANTA,  November 12, 2025

*The Court of Appeals hereby passes the following order:*

## A26E0085. ROBYN JOY MONROE v. RODNEY ELLIS MONROE.

On July 10, 2025, this Court granted Robyn Joy Monroe's discretionary application from the trial court's order denying her motion for new trial and other pending motions in this divorce case. See Case No. A25D0447. Monroe filed a notice of appeal in the trial court on July 16, 2025, which she later amended. The trial court subsequently concluded that Monroe's appeal was untimely, and ordered that the case be "officially closed."[1] Proceeding pro se, Monroe has filed an emergency motion, asking this Court to, inter alia, recognize her July 16 notice of appeal as timely and allow the appeal to proceed; direct the trial court clerk to complete and transmit the appeal; and declare the trial court's ruling void.

In substance, Monroe's motion is a request for a writ of mandamus,[2] which is "an extraordinary remedy to compel a public officer to perform a required duty when

---

[1] It appears that after we granted Monroe's discretionary application, a new docket number was issued in the trial court. The trial court entered separate orders under the old and new docket numbers, each finding the appeal untimely and ordering closure.

[2] Although Monroe's amended motion requests emergency relief, we do not construe it as a Rule 40(b) emergency motion because Monroe has no appeal or application for appeal docketed in this Court. See Ct. App. R. 40(b) (providing that "[g]enerally, no order shall be made or direction given in an appeal until it has been docketed in this Court"); *Colclough v. Dep't of Human Servs.*, 367 Ga. App. 567, 568 (1) (887 SE2d 407) (2023) (explaining that motions are construed according to their substance and function rather than their nomenclature).

there is no other adequate legal remedy." *Camden County v. Sweatt*, 315 Ga. 498, 501 (1) (883 SE2d 827) (2023). However, Monroe has an adequate legal remedy, as she may seek review through the discretionary appeal procedure. See OCGA § 5-6-35(a)(2) (mandating an application for discretionary appeal to obtain review of judgments or orders in divorce cases); *Evans v. Jackson*, 368 Ga. App. 170, 173 (1) (b) (889 SE2d 343) (2023) (explaining that compliance with OCGA § 5-6-35 is the "exclusive means" to appeal a final order where the underlying subject matter involves a domestic relations decree). Accordingly, Monroe's motion is hereby DENIED. See Ct. App. R. 40(c); *Sweatt*, 315 Ga. at 501 (1).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/12/2025*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*